IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALLIANZ LIFE INSURANCE                                                      PLAINTIFF
COMPANY OF NORTH AMERICA

V.                                              Civil No. 4:10-cv-04068

JERRY W. SCOGGINS, JR. AND                                               DEFENDANTS
BRONSON S. SCOGGINS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Plaintiff's Motion for Default Judgment. ECF No. 12. Co-Defendant Jerry W. Scoggins also joins this Motion. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. ECF No. 14. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background**

On May 26, 2010, Plaintiff filed a Complaint in Interpleader. ECF No. 1. In this Complaint, Plaintiff states that on February 28, 2006, Sandra K. Walsh executed and signed an Application for Annuity. *Id.* ¶ 6. The primary beneficiary on the policy was Al Walsh, her husband while the contingent beneficiaries were her sons Jerry W. Scoggins, Jr. and Bronson S. Scoggins. *Id.* On August 15, 2008, Sandra and Al Walsh were allegedly murdered in their home in Texarkana, Arkansas. *Id.* ¶ 7. Bronson Scoggins, who was living with his mother and step-father at the time of the murders, was arrested and charged with their murders. *Id.* Bronson Scoggins is currently in state custody and is being held at the State Hospital of Arkansas. *Id.* ¶ 8. He has undergone psychological testing to

1

determine his competency to stand trial, and, at this time, it is unclear whether he will be competent to stand trial for the charges against him. *Id.* ¶ 9.

After the deaths of Sandra and Al Walsh, Jerry and Bronson Scoggins became beneficiaries of their mother's annuity. ECF No. 1 ¶ 10. Jerry Scoggins submitted a claim for his portion of the proceeds on September 3, 2008. *Id.* On or about September 4, 2008, Plaintiff issued him a check for fifty percent of the proceeds or $75,000.00. *Id.* Bronson Scoggins has not submitted a claim for his portion of the annuity proceeds. *Id.* ¶ 11. According to the annuity, if Bronson Scoggins is not entitled to recover his portion of the proceeds, then Jerry Scoggins may be entitled to the second $75,000.00. *Id.* ¶ 13.

On June 22, 2010, Plaintiff served Bronson Scoggins. ECF No. 3. He was served care of Marla Gergely at the State Hospital of Arkansas. *Id.* Despite this service, Bronson Scoggins has not filed an answer to Plaintiff's Complaint. Because he had not answered, on August 13, 2010, Plaintiff filed this Motion for Default Judgment against him. ECF No. 12. With this Motion, Plaintiff seeks a default against Bronson Scoggins as to the $75,000.00. *Id.* Plaintiff requests that this money be awarded Jerry Scoggins instead as the contingent beneficiary of these annuity proceeds. *Id.* Plaintiff only requests that this total be reduced by $6,194.80 for its reasonable attorney's fees and costs.[1] *Id.* Jerry Scoggins joins this Motion and has no objection to Plaintiff's requested amount for reasonable attorney's fees and costs. *Id.*

Thereafter, because of Bronson Scoggins's confinement in a state mental hospital, this Court requested additional briefing from the parties as to his competency. ECF No. 15. As noted in that order, pursuant to FED. R. CIV. P. 55(b)(2), a default judgment can be entered against an incompetent

---

[1] With its Motion, Plaintiff submitted an affidavit by Wm. Lance Lewis which states that $6,194.80 is an appropriate amount for attorney's fees and costs.

person "only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Plaintiff and Jerry Scoggins filed a joint response to this request for information. ECF No. 18. In this response, they noted that although Bronson Scoggins has been committed to the State Hospital of Arkansas, he holds all legal rights to manage his own affairs of both a civil and financial nature. *Id.* at 2. They also state that his caseworker confirms Bronson Scoggins "received the summons and complaint and has read them." *Id.* Thus, they claim he is competent such that a default can be entered against him in accordance with FED. R. CIV. P. 55(b)(2).

**2. Applicable Law**

Pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Rule 55(b)"), a court is authorized to enter a default judgment against a party. A default judgment may be entered against a party who has defaulted "for not appearing." FED. R. CIV. P. 55(b)(1). A default judgment may be entered where the damages are a sum certain or where the damages are in dispute. *See* FED. R. CIV. P. 55(b). Further, in the Eighth Circuit, a court is not required to articulate specific factors in determining whether to enter a Rule 55(b) default for failure to appear. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 857 (8th Cir. 852) (holding that "[t]his Court has not articulated specific factors that must be considered in determining whether a Rule 55(b) motion for default judgment for failure to defend should be granted"). Instead, the Eighth Circuit has found that a default judgment for failure to defend under Rule 55(b) can be entered where the conduct was "willful, contumacious or intentional." *Id.* Finally, before entering a default judgment, the court must ascertain whether the party is in military service. *See* 50 App. U.S.C. § 521. Where a party is in military service, a default judgment may not be entered against that party unless he or she is represented. *See id.*

In determining whether a default judgment should be entered, the court must evaluate the

plaintiff's factual and legal allegations as presented in the complaint. The factual allegations of a complaint (except those relating to the amount of damages) are "taken as true" upon a party's default. *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010). However, the legal allegations in the complaint are not taken as true. *See id.* Instead, the court must consider whether the "unchallenged facts constitute a legitimate cause of action." *See id.* (citation omitted).

### 3. Discussion

As an initial matter, this Court notes that Bronson Scoggins defaulted by not appearing in this matter. *See* FED. R. CIV. P. 55(b)(1). Even though he was served on June 22, 2010 (ECF No. 3), he has not answered or otherwise attempted to appear. On August 16, 2010, the clerk entered a default as to Bronson Scoggins for his failure to appear, and he still refused to respond. ECF No. 13. The fact that he has been given notice since June 22, 2010 of this lawsuit and has still refused to respond indicates that this conduct is sufficiently "willful" or "intentional" for a default judgment to be granted. *See Ackra Direct Mktg. Corp.,* 86 F.3d at 857. In compliance with the Servicemembers' Civil Relief Act (SCRA), this Court also notes that Bronson Scoggins is not a active duty member of the military. ECF No. 20.

Accordingly, as long as the other requirements of Rule 55(b) are met, this Court finds that a default judgment can be taken against Bronson Scoggins. In reviewing these requirements, this Court finds the only other requirement of Rule 55(b) important to consider is whether Bronson Scoggins is mentally competent. Under Rule 55(b), a default judgment can only be entered against an "incompetent person" if that person is "represented by a general guardian, conservator, or other like fiduciary who has appeared." After addressing this issue, this Court will then consider whether Jerry Scoggins should be awarded this additional $75,000.00 after a reduction for Plaintiff's attorney's fees

and costs.[2]

    **A.**    **Mental Competency**

While Rule 55(b) states that default judgment cannot be entered against an "incompetent" person, the Federal Rules of Civil Procedure provide no guidance for determining whether a person can be considered "incompetent" or not. Caselaw in the federal circuits also provides little guidance. It appears the only circuit that has directly addressed this issue is the Fourth Circuit. *See United States v. Roberts,* No. 85-2251, 1986 WL 17944, at *1 (4th Cir. Oct. 31, 1986) (unpublished) (holding that "[i]f the issue of competence is raised, the district court must satisfy itself that the party is competent or is properly represented before entering a default judgment").

In reviewing Rule 55, it appears that in diversity cases, the standard for "incompetence" would be a matter of state substantive law. Since this is such a diversity case where jurisdiction is proper pursuant to 28 U.S.C. § 1332, the standard for determining "incompetence" would be governed by Arkansas state substantive law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). In accordance with Arkansas law, it is important to first note that the fact that Bronson Scoggins was admitted to the State Hospital of Arkansas does not create the presumption that he is incompetent. *See* Ark. Code Ann. § 20-47-220(b) (2008) (stating "[n]o person shall be deemed incompetent to manage his or her affairs, to contract, to hold professional, occupational, or motor vehicle driver's licenses, to marry or to obtain a divorce, to vote, to make a will, or to exercise any other civil right solely by reason of that person's admission to the mental health services system"); Ark. Code Ann. § 20-47-223 (2008) (stating "[n]o person admitted voluntarily or involuntarily to a receiving facility or program or hospital under this subchapter shall be considered incapacitated *per se* by virtue of admission").

---

[2] Because Plaintiff and Jerry Scoggins do not dispute the amount of Plaintiff's attorney's fees and costs and Plaintiff has submitted an affidavit in support of these fees and costs, this Court will not address this issue further.

Further, as a part of its response, Plaintiff submitted an affidavit from the treating physician for Bronson Scoggins, Dr. R. Clint Gray. In this affidavit, Dr. Gray stated that Bronson Scoggins had been committed but that no guardian had been appointed for him. ECF No. 18-1. Dr. Gray also stated that Bronson Scoggins "retains the right to act on his own behalf in all other matters including the right to manage his own affairs, both personal and financial." *Id.* These representations from Dr. Gray, and the fact that Plaintiff retains the right to manage his own affairs, provides affirmative evidence to this Court that Bronson Scoggins should not be considered incompetent for purposes of Rule 55(b) of the Federal Rules of Civil Procedure. Thus, a default judgment may be taken against him without the appointment of a guardian or representative. *See id.*

**B.   Award of the Excess Money**

The second issue that must be addressed in this opinion is whether the excess money from the annuity may be awarded to the contingent beneficiary, Jerry Scoggins, as a part of a default judgment. In its Motion for Default Judgment, Plaintiff references other court throughout the country that have permitted an "interpleader defendant" to move "for default judgment against a co-defendant who has a competing interest in the interplead funds." ECF No. 12 at 4. The Eighth Circuit has also upheld such a default judgment under the same facts where an interpleader defendant moved for a default against a co-defendant. *See Ins. Co. of North American v. Bay,* 784 F.2d 869 (8th Cir. 1986).

In this case, even though Plaintiff filed this Motion the Default Judgment, Co-Defendant Jerry Scoggins has joined in this Motion. ECF No. 12. Thus, Jerry Scoggins is also moving for this default judgment. Further, taking all the allegations in the Complaint as true, as a contingent beneficiary, Jerry Scoggins has demonstrated his entitlement to the proceeds from this annuity. ECF No. 1 ¶ 13. Because Bronson Scoggins has defaulted and has not appeared before this Court to claim the proceeds

from this annuity, this Court finds Co-Defendant Jerry Scoggins as the other contingent beneficiary is entitled to proceeds from this annuity or the $75,000.00. Pursuant to the agreement of Plaintiff and Jerry Scoggins, this amount should be reduced by Plaintiff's attorney's fees and costs.

### 4. Conclusion

Based upon the foregoing, this Court recommends that Plaintiff's Motion for Default Judgment (ECF No. 12) be **GRANTED.** This Court recommends Plaintiff be awarded attorney's fees and costs in the amount of $6,194.80, and Jerry Scoggins be awarded the remainder of the $75,000.00 or $68,805.20.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 9th day of November, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE